IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FRED C. LOLLIS and ROSEMARY )
A. LOLLIS, )
 ) Case No. 15-CV-249-JED-FHM
            Plaintiffs, )
 )
v. )
 )
CITY OF BIXBY, OKLAHOMA, )
 )
            Defendant. )

## OPINION AND ORDER

Before the Court are the plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed In Forma Pauperis (Doc. 2). The plaintiffs, proceeding pro se, initiated this case against the City of Bixby. Plaintiffs allege that the Bixby Police Department violated their rights by threatening to arrest Mr. Lollis "with no evidence or warrant" and they "bullied" Mrs. Lollis "into fil[ing] a DV report...," which supported the removal of their children by Child Protective Services (CPS). (Doc. 1 at 1-2). They also allege that the Bixby Police failed to keep the children safe from CPS. (*Id.* at 2).

Plaintiffs seek to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite the statute's reference to "prisoner," it applies to all persons who apply for in forma pauperis status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013). In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress

recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed in forma pauperis where the action is frivolous or malicious, the plaintiffs have failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983. That statute does not provide an independent basis for subject matter jurisdiction. To the extent that plaintiffs are attempting to allege a claim for violation of their federal constitutional rights, such claim could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. However, plaintiffs' allegations in this case do not state a colorable claim under 42 U.S.C. § 1983. While

they assert generally that their civil rights were violated (*see* Doc. 1 at 1), the Complaint contains no factual allegations that would support maintenance of a claim under § 1983.

The undersigned and other judges of this Court have dismissed related cases upon determining that similar allegations did not state a colorable federal claim. *See Lollis v. Kunzweiler et al.*, No. 15-CV-245-CVE-PJC (Doc. 3); *Lollis v. State of Okla. et al.*, No. 15-CV-246-GKF-TLW (Doc. 3); *Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC (Doc. 3); *Lollis v. CPS/DPS et al.*, No. 15-CV-247-JED-FHM (Doc. 3). Thus, construing the Complaint liberally in light of plaintiffs' pro se status, the allegations do not state a colorable claim under § 1983. As a result, the Court lacks subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law). The plaintiffs' claims should be dismissed pursuant to § 1915(e)(2).

IT IS THEREFORE ORDERED that plaintiffs' claims are dismissed without prejudice. Plaintiffs' Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

ORDERED this 9th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE